UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                   Case No. 04-32631-DHW
                                                                        Chapter 13
LUCY L. COOK,

        Debtor.

ORDER ON TRUSTEE'S MOTION TO MODIFY PLAN

        The chapter 13 trustee filed a motion to modify the debtor's plan. Creditor Money Store filed an objection to motion. The motion came on for hearing on August 7, 2006. A brief summary of the facts will be helpful.

        The debtor filed this chapter 13 case on September 13, 2004. The confirmed plan provides for a $2,000 payment over time ("POT") to unsecured creditors. In addition, the plan devotes the nonexempt proceeds of a cause of action against McDonald Corporation for the benefit of unsecured creditors.

        The time for filing proofs of claim in this case expired January 26, 2005. AT&T Wireless filed the sole timely unsecured claim in this case. The claim was filed in the amount of $896.56. MidFirst Bank filed two secured arrearage claims (prepetition and pospetition arrearage), and Capital One Auto Finance filed a secured claim on a vehicle that the debtor proposed to surrender. The stay terminated November 29, 2004 to allow Capital One to enforce its security interest in the vehicle.

        The debtor settled the cause of action against McDonald's. The net proceeds from settlement were remitted to the chapter 13 trustee after the settlement was approved in March 2006. After deducting the debtor's exemption, the trustee held $3,108.90 for disbursement through the plan. The trustee paid the sole unsecured claim of AT&T Wireless in full and applied the balance of the proceeds to the secured claims of MidFirst Bank.

In June 2006, Capital One Auto Finance filed an amended claim to change the status of its original $12,333.91 claim from secured to unsecured. Also in June 2006, Money Store filed an unsecured claim in the amount of $11,077.55. Money Store was not listed in the petition and did not receive notice of the bankruptcy case in time to file a timely claim.

The trustee filed the instant motion to specially class the claim of AT&T Wireless so that its claim "may remain paid in full at 100 cents on the dollar and to allow the remaining $1103.44 of the debtor's $2,000 pot plan to be applied pro rata to the two late filed unsecured claims of Capital One Auto Finance and the Money Store." The trustee contends that the unsecured creditor that timely filed a claim "should not be prejudiced by those creditors whose claims were not filed in a timely manner."

Money Store filed an objection to the motion. Money Store's claim is based on a judgment obtained in 1999. The debtor listed Money Store in a prior chapter 13 case which was dismissed but did not list Money Store in the instant case. Money Store contends that it should not be prejudiced as a result of not being listed. Money Store proposes for the trustee to request refunds from creditors previously paid in full so as to make a pro rata distribution among all unsecured creditors.

However, the money disbursed by the trustee was not disbursed in error. The trustee received the lawsuit proceeds over a year after the bar date for filing claims and disbursed the funds in accordance with the confirmed plan. Therefore, the court does not agree that he should seek a refund of the money paid. Money Store and Capital One Auto Finance may participate pro rata in the amount remaining for distribution under the terms of the confirmed plan.

The question arises – what is that amount? The court disagrees that the amount is $1,103.44 ($2,000 POT minus $896.56 paid to AT&T Wireless). The confirmed plan provides for unsecured claims to be paid not only from the $2,000 POT but also from the lawsuit proceeds. Therefore, any amount paid to creditors (secured or unsecured) from the lawsuit proceeds does not reduce the debtor's obligation to fund the $2,000 POT. Money Store and Capital One Auto Finance may share pro

rata in whatever amount remains undisbursed from this POT.

However, Money Store has another alternative. Money Store may elect to withdraw its proof of claim and forego participation in the plan. The remedy for an omitted creditor who elects not to file an untimely claim is the nondischargeability of the debt.

For the above reasons, the trustee's motion is GRANTED in part, and the claim of AT&T is hereby specially classed. The motion is DENIED to the extent the trustee seeks to reduce the debtor's obligation to fund a $2,000 POT by the amount of the lawsuit proceeds paid to the sole unsecured creditor.

Done this 8th day of August, 2006

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Richard A. Lawrence, Attorney for Debtor
   Capital One Auto Finance, Creditor
   Britt B. Griggs, Attorney for Money Store
   Curtis C. Reding, Trustee