# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re  
                                                                       Case No. 04-32631  
                                                                       Chapter 13

LUCY L. COOK,

      Debtor.

## ORDER DENYING DEBTOR'S MOTION
## TO ALTER OR AMEND ORDER

      On August 17, 2006, the chapter 13 debtor, Lucy L. Cook, filed a motion requesting that the court alter or amend its prior order of August 9, 2006 (Doc. #59). A hearing on the debtor's motion was held on September 11, 2006.

      The debtor seeks relief from this court's order, which recognized The Money Store's right to withdraw its claim and to forego participation in the plan. The debtor intends to amend her plan to include the claim of The Money Store.

      Although the debtor listed the claim of The Money Store in a previous chapter 13 case, she failed to do so in this proceeding. Due to that omission, The Money Store could not file a timely claim. To further complicate the matter, disbursements have been made by the trustee in accordance with the plan from lawsuit proceeds that were earmarked by the plan for unsecured creditors. Not only were allowed unsecured claims paid in full, but surplus funds remained from the lawsuit proceeds, and those funds were distributed to a secured creditor.

      At this point, the debtor's omission of The Money Tree as a creditor cannot be remedied in accordance with the provisions of the law. 11 U.S.C. § 1322(b)(1) prevents unfair discrimination against any class of creditors. Coercion of The Money Store's participation in this plan would result in its claim being treated differently from those of other unsecured creditors, solely because of the omission of the debtor.

      The debtor did not accord The Money Store due process of law.

The debtor cannot now be heard to force The Money Store to be bound by a plan to which it had no opportunity to consent. The creditor may withdraw its claim as a matter of right under the circumstances of this case. See Fed. R. Bankr. Proc. 3006.

For the reasons stated above, it is

ORDERED that the debtor's motion to alter or amend this court's August 9, 2006 order is DENIED.

Done this the 6th day of October, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Richard A. Lawrence, Debtor's Attorney
Britt B. Griggs, Attorney for The Money Store
Curtis C. Reding, Trustee